## Vogdes Estate

*Richard W. Ledwith* and *Roland Fleer,* for accountant.

TAXIS, P. J., April 17, 1969.—The account shows a principal balance for distribution of $91,642.86, composed of undivided one-third interest in premises 347 Llandrillo Road, Lower Merion Township $9,000, demand note $71,000, tangible personal property $651, and cash. There is an income balance for distribution of $2,858.15, composed of cash.

The transfer inheritance tax assessed has been paid, but should any portion of the estate pass to collateral heirs, additional tax will become due.

Executor takes the position, and has so notified all parties, that upon distribution of this estate a marital deduction trust should be established which will reduce the Federal estate tax to the lowest possible level, and that such tax should thereafter be apportioned under the provisions of the Estate Tax Apportionment Act of August 24, 1951, P. L. 1405, 20 PS §882. A like position is taken regarding apportionment of Pennsylvania inheritance tax, and executor has requested approval of these actions herein.

For death tax purposes, decedent's estate consists not only of probate assets, but also joint bank accounts with two sisters totaling $54,114.65, and an inter vivos trust created in 1931 for the benefit of his sister for life, with remainder to his daughter, Mary E. Haines. In his will, testator devised his interest in the Llandrillo Road premises to Mary E. Haines and then created a trust for his wife, Martha A. Vogdes of ". . . whatever amount of principal is necessary, by reason of the marital deduction, to eliminate any federal estate tax in my estate or reduce it to the lowest possible level, after taking into consideration the exemption and all marital and other deductions allowed with respect to any other property in my taxable estate, . . ." Martha A. Vogdes has a testamentary power of appointment over this trust, but if it is not exercised, the corpus passes to Mary E. Haines. He also left his residuary estate to Mary E. Haines, who is, therefore, the ultimate beneficiary of both the estate and the inter vivos trust.

In section 7 of his will, testator provided that, "All estate, inheritance and other death taxes . . . with respect to the property included in my gross estate for tax purposes shall be . . . charged against the principal of my general testamentary estate as if such taxes were my debts." The same direction, in different words, is also given by paragraph sixth of the deed of trust. The gross value of the trust assets is some $106,751.90, and it follows that if all death taxes are paid from the estate under the provisions of section 7 of the will, the value of the assets allocable to the marital deduction trust will be diminished, and the Federal estate tax will not be reduced to the lowest possible level in accordance with testator's prior direction.

Although there is inconsistency between these items under present circumstances, we have no diffi-

culty in concluding that testator intended that the funding of the marital deduction trust take precedence over other directions in his will. Cf. Folwell Estate, 12 D. & C. 2d 552, 7 Fiduc. Rep. 632. First, the tax clauses are not primarily dispositive, though they may, of course, have such an effect, while the marital trust provision in the will is. To apply the former in a way that would increase the amount of the very taxes which testator had directed to be reduced to the lowest possible level would create an incongruous result, and would be directly contrary to the requirement that we determine testamentary intent from a reading of the entire will as a whole. Further evidence that testator wished the marital deduction trust to be as large as possible is seen in the provision that only the residue left over *after* that trust was funded should be diminished by taxes. As in Folwell Estate, it is likely that testator did not exactly foresee the tax problems that would occur at his death, and apparently felt that his probate estate would provide for both his wife's trust and all death taxes. Be that as it may, however, his general intent is clear, and we hold that the direction in section 3 of the will for the establishment of a marital deduction trust should be given full effect, any other provision to be inapplicable to the funding of the said trust to the extent that it is inconsistent with section 3.

A consequence of this determination is that the death taxes cannot be paid from the general testamentary estate. As testator's direction to this effect has become ineffective, such taxes must now be apportioned as though no such direction had been made, that is, under the provisions of the Estate Tax Apportionment Act of 1951, supra, and the comparable provisions of the Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, sec. 718, 72 PS §2485-718. These statutes apportion, pro rata, the death tax ob-

504

ligations of an estate in general upon the recipients of the various property interests. It follows that the inter vivos trust (the first account of the trustee thereof has been approved by adjudication of this court of even date herewith) and the joint bank accounts are subject to such apportionment. The executor is directed to proceed with the same, and to obtain reimbursement for this estate of so much of the taxes paid by it as may be due from the surviving owners of the bank accounts and the trustee of the inter vivos trust. . .